UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERIC DAVILA,

                      Plaintiff,

        -against-

P.O. SEAN DOHENY, P.O. JOHN REIBER,

                      Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

15 CV 9802 (AT)

        Plaintiff ERIC DAVILA (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq., and Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

        2.    The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

        3.    Jurisdiction is found upon 28 U.S.C. §§1331, and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.

7. Defendants Doheny and Reiber are police officers assigned to the 32nd precinct. From the information obtained from the City of New York, it is unclear which defendant was the driver and which defendant was the passenger. Until further discovery is provided, these two defendants will be referred to as defendant driver and defendant passenger. They are sued in their individual and official capacities.

## FACTS

8. On May 7, 2014, around midnight, plaintiff was working with his wife, delivering newspapers.

9. Plaintiff got out of his car and was crossing the street to drop-off the newspapers for morning pick-up by consumers.

10. As plaintiff crossed the street, defendant driver and defendant passenger driving in their marked patrol car, made a right turn and almost ran over the plaintiff.

11. Plaintiff and his wife looked in horror as the driver of the police vehicle, defendant driver cursed at plaintiff, and told him "to get the fuck off the road asshole" and proceeded towards the next stop-light.

12. Plaintiff approached the police vehicle to obtain the names and shield numbers of the defendant driver. However, defendant driver who was operating the police vehicle which was idling in front of a red-light on the curb, ignored plaintiff.

13. So plaintiff went to the passenger side and asked defendant passenger for information about defendant driver so he could file a complaint against him for shouting obscenities at him and almost running him over.

14. Instead of complying with a lawful request, defendant passenger came out of the car and started yelling obscenities at plaintiff and telling him to "mind [his] fucking business."

15. Fearing for his safety, plaintiff retreated backwards towards his car, as plaintiff did so, defendant passenger demanded plaintiff show his identification.

16. When plaintiff responded that he had committed no crime or violation, defendant passenger aggressively lunged towards plaintiff.

17. Defendant passenger then fabricated a charge that plaintiff had a broken light and said that he had "enough reasons now" to arrest plaintiff.

18. Plaintiff was confused as to what he had done wrong.

19. Defendants then grabbed plaintiff by his neck and slammed his face on plaintiff's car's side-mirror.

20. Plaintiff started to bleed and defendants slapped handcuffs on plaintiff.

21. The entire incident was witnessed by plaintiff's wife who was horrified and crying.

22. Plaintiff was booked on false and fabricated charge for resisting arrest and disorderly conduct. Ironically, plaintiff was never given a ticket for the alleged broken light.

23. Plaintiff spent over 24 hours in jail before he was released. Throughout his arrest, he was denied medical treatment even though he repeatedly requested it.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/false arrest-Fourth Amendment)

24. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

25. Plaintiff was beaten, assaulted and bruised and battered for no reason.

26. Plaintiff was then arrested on false charges and held for over 24 hours.

27. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, false arrest and assault were violated and he sustained injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process against All defendants)

28. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

29. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and

procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

30.  As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Medical needs)

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32.  Plaintiff suffered serious injuries.

33.  Plaintiff had a broken nose, was bleeding profusely, and in excruciating pain.  However, despite being aware of these signs and symptoms, the individual defendants ignored plaintiff's pleas to take him to a medical provider.

34.  It was not until 24 hours later that when plaintiff was released from jail that he was able to see a medical provider and obtain treatment.

35.  Plaintiff suffered for over 24 hours from the injuries inflicted upon him by defendants before he was treated.

36.  Defendants were deliberately indifferent to plaintiff's medical needs despite being aware of the injuries that they themselves caused.

37.  As a result of the foregoing, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Retaliation/First Amendment)

38.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39. Plaintiff engaged in protected activity by asking the identity of the defendant driver to file a complaint.

40. Defendants retaliated against plaintiff by assaulting him and falsely arresting him.

41. As a result of this retaliation, plaintiff suffered injuries for engaging in protected conduct under the First Amendment.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in an amount of Two Hundred and Fifty Thousand Dollars for each cause of action;

b. Award the costs of this action to the Plaintiff;

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws;

d. Award punitive damages as determined by the jury;

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
April 19, 2016

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:
Robert Blossner (RB0526)
Vik Pawar (VP9101)
*Attorneys for Plaintiff*